### WINFREY ARMSTRONG v. THE STATE.

No. 5914.   Decided October 27, 1920.

Unlawfully Selling Intoxicating Liquors—Plea of Guilty—Motion for New Trial—Practice on Appeal.

Where, upon trial of unlawfully selling spirituous, malt and vinous liquors, the defendant pleaded guilty in due form, but thereafter filed a motion for a new trial because the conviction was contrary to the law and evidence, the case must be affirmed in the absence of a statement of facts, bills of exception, or brief.

Appeal from the District Court of Camp. Tried below before the Honorable J. A. Ward.

Appeal from a conviction of a violation of the State-wide Prohibition Law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited: Furlough v. State, 213 S. W. Rep., 649; Walker v. State, 217 id., 939; Garcia v. State, 217 id., 943.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Camp County, of unlawfully selling spirituous, vinous and malt liquors, and his punishment fixed at confinement in the penitentiary for a period of one year.

An examination of the record discloses that appellant pleaded guilty in due and ancient form, after being admonished by the court of the consequences of said pleading. Thereafter, he filed a motion for a new trial, said motion stating two grounds: (1) Because the verdict was contrary to the law in the case; and (2), because the verdict of the jury was contrary to the evidence in the case. This motion was overruled, and the appellant gave notice of appeal, and brings this case before this Court without statements of facts, bills of exception, or brief.

Finding nothing in the record to justify a reversal of the case, the judgment of the trial court is in all things affirmed.

*Affirmed.*